## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sharronda Johnson <br> <u>Debtor</u> | CHAPTER 13 |
| WELLS FARGO BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA,NATIONAL ASSOCIATION (FORMERSLY KNOWN AS NORWEST BANK MINNESOTA, NATIONAL ASSOCIATION), NOT IN ITSINDIVIDUAL OR BANKING CAPACITY, BUT SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE MERRILL LYNCH MORTGAGE INVESTORS TRUST, SERIES 2004-HE2 <br> <u>Movant</u> <br> vs. | NO. 18-17601 ELF <br><br> <u>11 U.S.C. Sections 362</u> and <u>1301</u> |
| Sharronda Johnson <br> <u>Debtor</u> | |
| Darnell Johnson <br><br> <u>Co-Debtor</u> | |
| William C. Miller, Esquire <br> <u>Trustee</u> | |

## <u>STIPULATION</u>

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$6,006.14,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | September 2020 to November 2020 at $1,188.22/month <br> December 2020 to January 2021 at $1,190.97/month |
| Suspense Balance: | $1,128.68 |
| **Total Post-Petition Arrears** | **$4,817.92** |

2.    The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on February 1, 2021 and continuing through May 1, 2022, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,190.97** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of

**$301.12 from February 2021 to May 2022** towards the arrearages on or before the last day of each month at the address below or via phone:

Nationstar Mortgage LLC d/b/a Mr. Cooper
ATTN: Bankruptcy Department
P.O. Box 619094
Dallas, TX 75261-9741

b).    Maintenance of current monthly mortgage payments to the Movant thereafter.

3.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.    In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.    The parties agree that a facsimile signature shall be considered an original signature.

Date:    February 2, 2021

By: *Rebecca A. Solarz, Esquire*
Attorney for Movant

Date: 2/4/2021

Jon M. Adelstein, Esquire
Attorney for Debtor

Date: *February 23, 2021*

*/s/ LeRoy W. Etheridge, Esquire, for*\*

William C. Miller, Esquire
Attorney for Debtor

**O R D E R**

*\*No objection to its terms, without prejudice to any of our rights and remedies*

Approved by the Court this 24th day of ___February___, 2021.  However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank